```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                       ATLANTA DIVISION


ZENOBIA LEILA BOMANI,

            Plaintiff,
                                    CIVIL ACTION NO.
v.                                  1:12-cv-02637-JEC


[ALL PERSONS KNOWN OR UNKNOWN
WHO CLAIM OR MIGHT CLAIM
ADVERSELY TO PLAINTIFFS TITLE
TO REAL PROPERTY KNOWN AS 7217
LAKE CROSSING, STONE MOUNTAIN,
GEORGIA 30087, DEKALB COUNTY
GEORGIA], and CITIMORTGAGE,
INC.,

            Defendants.
```

**ORDER & OPINION**

This matter is before the Court on defendant's Motion for Summary Judgment [27]. The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, concludes that the defendant's Motion for Summary Judgment [27] should be **GRANTED**.

**BACKGROUND**

This case involves a dispute over a mortgage foreclosure. Zenobia Leila Bomani ("plaintiff") and her former husband, Tamir L. Hasan ("Hasan"), executed a note (the "Note") on November 4, 2002 in favor of Principal Residential Mortgage, Inc. ("PRM") for the

principal sum of $265,500 plus interest.  (Def.'s St. of Undisputed Mat. Facts [35] at ¶ 1.)[1]  The Note was secured by a security deed (the "Security Deed"), under which plaintiff pledged as collateral real property (the "Property") identified as 7217 Lake Crossing, Stone Mountain, Georgia, 30087.  (*Id.* at ¶ 2.)  In 2005, PRM merged with CitiMortgage, Inc. ("defendant"), with the result that defendant became the surviving entity and successor in interest to PRM.  (*Id.* at ¶¶ 3-4.)  Defendant took possession of the Security Deed in this merger.  (Def.'s Mot. For Summ. J. [27] at 8.)  Defendant is also in possession of the original Note executed by plaintiff and Hasan, and indorsed in blank by PRM.  (Def.'s Statement of Facts [35] at ¶ 5 and Ex. A.)  On December 23, 2004, defendant sent plaintiff a letter

---

[1]   Plaintiff's Response [41] to defendant's Statement of Undisputed Material Facts [35] fails to meet the requirements under the Local Rules.  *See* LR 56.1(B)(2)(a)(2), NDGa ("The Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1B.(1).").  Instead, plaintiff purports to deny defendant's factual assertions by citing to irrelevant portions of the record and to case law, all without explanation.  Because of this, defendant's Statement of Facts [35] is deemed admitted.  *See Digioia v. H. Koch & Sons, Div. of Wickes Mfg. Co.*, 944 F.2d 809, 811 n.6 (11th Cir. 1991)(per curium)("the facts as set out in [defendant's] concise statement of facts not at issue are deemed admitted" under the Local Rules because they were not controverted); *Jones v. Gerwens*, 874 F.2d 1534, 1537 n.3 (11th Cir. 1989)("[f]acts set forth in the Defendants' Statement of Undisputed Facts which are not controverted, are deemed admitted" pursuant to the Local Rules).

2

advising her of its merger with PRM and informing her that it would be servicing her loan henceforth. (*Id.* at ¶ 6.)  Plaintiff began making her loan payments to defendant in July, 2005, which she continued doing through July, 2011. (*Id.* at ¶ 7.)  Plaintiff is currently in default on the Note, which has a remaining principal balance of $214,847.74.  (*Id.* at ¶ 8.)

After plaintiff ceased paying on the loan, defendant commenced non-judicial foreclosure as permitted in the Security Deed. Plaintiff then filed the present action *pro se* in the Superior Court of DeKalb County, Georgia, seeking to quiet title to the Property. (*See* Compl. [1].)  Defendant then suspended the foreclosure process pending the outcome of the litigation. (Def.'s Mot. for Summ. J. [27] at 4.)  Defendant properly removed to this Court, where jurisdiction is proper on the basis of diversity of citizenship. (*See* Notice of Removal [1].)

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). A fact's materiality is determined by the controlling substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Id.* at 249-50.  The court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits.  Instead, Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of every element essential to that party's case on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In such a situation, there can be "'no genuine issue as to any material fact,'" as "a complete failure of proof concerning an essential element of the non[-]moving party's case necessarily renders all other facts immaterial."  *Id.* at 322-23 (quoting FED. R. CIV. P. 56(c)).

The movant bears the initial responsibility of asserting the basis for his motion.  *Id.* at 323.  However, the movant is not required to negate his opponent's claim.  The movant may discharge his burden by merely "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the

4

non[-]moving party's case." *Id.* at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." *Id.* at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (1986).

## II.   **PLAINTIFF'S COMPLAINT**

Plaintiff's complaint presents a scattershot of objections to defendant's right to pursue a non-judicial foreclosure sale of the Property. In plaintiff's words: "It is unknown how, when and where CitiMortgage acquired any indebtedness to said property described herein, or has any standing or jurisdiction to bring any action to secure deed to acquire property in any action of foreclosure or any payments received from said property." (Compl. [1-1] at 5, ¶ 10.) It is not clear on what basis plaintiff believes this. In discrediting defendant's interest in the Property, plaintiff seeks a basis for her quiet title action. This Court discusses in turn plaintiff's apparent objections to defendant's status as successor-

5

in interest to CMI, the authenticity of the Note and defendant's right as a holder, and finally defendant's right to foreclose on the Security Deed.

    A.   <u>Defendant's Merger with CMI</u>

Plaintiff's claim seems to be based in part on the theory that defendant's merger with PRM was somehow illegitimate. (*Id.*) There does not appear to be any basis for this allegation.

The corporation that survives a merger is entitled to step into the shoes of its predecessor to enforce that party's contractual rights. *Ward v. City of Cairo*, 276 Ga. 391, 394 (2003)(citing *Winchester Constr. Co. v. Miller Cnty. Bd. of Educ.*, 821 F. Supp. 697, 701 (M.D. Ga. 1993) and *Tennessee v. Whitworth*, 117 U.S. 139 (1886); *see also* O.C.G.A. § 14-2-1106(a)(2)(In a merger, "[t]he title to all real estate and other property owned by, and every contract right possessed by, each corporation or entity party to the merger is vested in the surviving corporation or entity without reversion or impairment, without further act or deed, and without any conveyance, transfer, or assignment having occurred."). Thus, even though plaintiff did not contract directly with defendant, this lack of privity is immaterial to defendant's rights. *Decatur N. Assocs., Ltd. v. Builders Glass, Inc.*, 180 Ga. App. 862, 863 (1986)("The general assignability of contractual rights is one of the exceptions to the requirement of immediate contractual privity between the

6

parties to an action.")(citing O.C.G.A. § 44-12-22; *Fletcher v. Atlanta Bd. of Realtors, Inc.*, 250 Ga. 21, 23 (1982); *Sorrento Italian Rest. v. Franco*, 107 Ga. App. 301 (1963)). Thus, defendant's legal status as successor-in-interest seems sound, as there is an absence of any factual allegations that could challenge defendant's status as successor-in-interest to PRM.

      B.   <u>The Validity of the Note and Defendant's Status as Holder</u>

Plaintiff contends that defendant, in acquiring the Note from PRM in the merger, "did not take possession of the correct and true Original Note." (Pl.'s Ans. to Def.'s Mot. for Summ. J. [34] at 5.) Plaintiff claims that the Note "has apparent evidence of one or more of the following: forgery, alteration, irregularities, incomplete. This calls into question its authenticity." (*Id.* at 7.) This claim is supported by no evidence in the record, and moreover is contradicted by defendant's apparent possession of what otherwise appears to be the original Note. (Def.'s Mot. for Summ. J. [27] at Ex. A; *see* Schneider Decl. [27] at ¶ 6.) The Court can find no such "apparent evidence" of forgery, alteration, irregularity, or incompleteness.

Plaintiff also questions whether the fact that a third party (the Federal Home Loan Mortgage Corporation) might have a beneficial interest in the loan renders defendant unable to enforce the Note. (*See* Pl.'s Ans. to Def.'s Mot. for Summ. J. [34] at 9.) Defendant's

7

status as holder of the Note would not be affected by the way in which it acquired the Note or any other possible claim that another party would have to the note. O.C.G.A. § 11-3-301 ("A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."). Here, the Note has a blank indorsement. (Def.'s Mot. for Summ. J. [27] at Ex. A.) It is thus payable to bearer and transferrable by possession. O.C.G.A. § 11-3-205(b)("When indorsed in blank, an instrument becomes payable to bearer . . . ."). As defendant is the possessor of the Note, it qualifies as a holder. O.C.G.A. § 11-1-201(20)("Holder" defined to include "person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession . . . ."). Thus, there do not seem to be problems with defendant's right to enforce the Note.

    C.    <u>Defendant's Right to Foreclose through the Security Deed</u>

Finally, plaintiff contends that the assignment of the Security Deed to defendant is "defective" because "MERS [Mortgage Electronic Registration Systems, Inc.] is not named as beneficiary or nominee in the original . . . Security Deed" and "this raises a genuine issue of material fact as to the validity of the transfer of ownership to Defendants'[sic]." (Pl.'s Ans. to Def.'s Mot. for Summ. J. [34] at 10.) Plaintiff further contends that "[a]ny MERS transaction

8

effecting negotiable instruments upon a property provides proper standing for relief in support of plaintiff."[2] (Pl.'s Ans. to Def.'s Mot. for Summ. J. [34] at 10.)

The claim that MERS is not a nominee on the Security Deed is contradicted by the Security Deed itself, which identifies MERS as "nominee for Lender and Lender's successors and assigns." (*See* Schneider Decl., attached to Def.'s Mot. for Summ. J. [27-1] at Ex. B.) The second claim, which seems to imply that MERS' involvement as nominee renders the instrument defective, is belied by this Circuit's practice.  The Eleventh Circuit has repeatedly affirmed MERS' authority to assign Security Deeds.  *See, e.g., Smith v. Saxon Mortg.*, 446 Fed. App'x 239, 240 (11th Cir. 2011); *Shockley v. EMC Mortg. Corp.*, 459 Fed. App'x 821, 822 (11th Cir. 2012). Finally, although plaintiff does not directly raise the issue, the Georgia Supreme Court has recently held that "splitting" of the note and security deed between two parties does not affect the deed-holder's foreclosure rights.  *You v. JP Morgan Chase Bank*, 293 Ga. 67, 73 (2013)("[T]he deed holder possesses full authority to exercise the

---

[2] In support, plaintiff cites *Lesman v. Mortg. Elec. Registration Sys., Inc*., Civil Action No. 2:12-CV-00023-RWS-SSC, 2012 WL 3065422 (N.D. Ga. July 27, 2012)(J. Story).  This is inapposite, because that decision merely denied without prejudice the defendant MERS' motion to dismiss for the purpose of allowing the *pro se* plaintiff an opportunity to file an amended complaint that met federal pleading standards.  *Id.*, at *7-8.  Judge Story's decision in no way supports plaintiff's contention.

9

power of sale upon the debtor's default, regardless of its status with respect to the note."). Thus, there seem to be no grounds for plaintiff's claim.

### III. **PLAINTIFF'S ELIGIBILITY FOR EQUITABLE RELIEF**

Finally, there is the question of whether plaintiff could qualify for the equitable relief she seeks, even if her allegations had factual and legal support.

Quiet title is an equitable remedy. A plaintiff seeking equitable relief must have clean hands. O.C.G.A. § 23-1-10 ("He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action."). In the case of mortgages, this requires that the plaintiff seeking to quiet title has paid the loan. *See Taylor, Bean, & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850 (2003)("[A] plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note.").

Here, the record shows that plaintiff has neither paid the note nor attempted to do so. Plaintiff has provided no response to defendant's requests for admission that plaintiff has failed to make all of the required loan payments and is presently in default on the Note. (*See* Def.'s Requests for Admission [27], Ex. A., ¶¶ 4-6.) In failing to respond to these requests for admission, plaintiff has

constructively admitted them as true. FED. R. CIV. P. 36(a)(3). The evidence in the record supports this. (*See* Schneider Decl. [27] at ¶ 8; Compl. [1] at Ex. B.)

Thus, based on the fact that plaintiff is not entitled to equitable relief due to her failure to fulfill her own obligations to the defendant, plaintiffs action to quiet title cannot proceed.

## CONCLUSION

Based on the foregoing analysis, plaintiff has not met the standards to survive defendants Motion for Summary Judgment [27]. There are no material facts in reasonable dispute and defendant is entitled to judgment as a matter of law. Thus, this Court **GRANTS** defendant's Motion for Summary Judgment [27].

SO ORDERED, this 26th day of September, 2013.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)